UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED
MAY -2 2018
U.S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. **4:18CR00361 JAR/PLC** |
| KIMBERLY BELMAR, | ) | |
| Defendant. | ) | |

## INDICTMENT

### COUNT ONE
### (Wire Fraud)

The Grand Jury charges that:

1. At some time unknown to the Grand Jury but by at least the beginning of 2014 and continuing until at least the end of 2016 ("the relevant timeframe"), the defendant devised a scheme and artifice to defraud and to obtain money from Bell Medical by means of false and fraudulent promises, pretenses and representations.

2. At all times relative to this indictment, Bell Medical located in Saint Louis, Missouri, was a commercial distributor of medical equipment. In or about May 2012, Bell Medical hired Kimberly Belmar as its sole bookkeeper.

3. In Belmar's role as bookkeeper, her duties included handling all accounting functions and cash management for Bell Medical. Belmar was required to apply all incoming payments to correct accounts and to charge customer's credit cards for purchases. Additionally, Belmar handled all vendor payments, issued company checks, paid invoices, and used the company credit card to pay for Bell Medical's purchases.

4. It was part of the scheme to defraud that Belmar used Bell Medical's business credit cards for her personal benefit and the benefit of others without the knowledge or authority of Bell Medical. Additionally, from October 2014 to November 2016, Bell Medical worked with FedEx for its shipping needs. In this time period, Bell Medical earned approximately 3 million reward points as part of FedEx's loyalty program. It was further part of the scheme to defraud that Belmar used the majority of Bell Medical's FedEx reward points for her personal benefit and the benefit of others without the knowledge and authority of Bell Medical.

5. It was further part of the scheme to defraud and in an effort to conceal her scheme, that Belmar manipulated Bell Medical's general ledger by accounting for her theft in columns that falsely represented miscellaneous, freight and utility expenses for the company.

6. It was further part of the scheme to defraud that Belmar embezzled over $130,000 from Bell Medical for her personal benefit, and the benefit of others, during the relevant timeframe.

7. On or about October 14, 2016, within the Eastern District of Missouri, in furtherance of the aforesaid scheme to defraud and for the purpose of executing the scheme,

**KIMBERLY BELMAR**,

the defendant, herein, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, between locations in Hopkins, Minnesota and the Eastern District of Missouri, writings, signs and signals, to wit: a $456.99 personal purchase for a 3pc Cappuccino Marble Top Table Set on Fingerhut.com, with Fingerhut's computer server located in Minnesota and using Bell Medical's company credit card while physically located in the Eastern District of Missouri.

In violation of Title 18, United States Code Section 1343.

## COUNT TWO
## (Wire Fraud)

The Grand Jury further charges that:

8. The Grand Jury realleges and incorporates by reference Paragraphs 1 through 6 as if fully set forth herein.

9. On or about September 2, 2016, within the Eastern District of Missouri, in furtherance of the aforesaid scheme to defraud and for the purpose of executing the scheme,

**KIMBERLY BELMAR**,

the defendant, herein, knowingly transmitted and caused to be transmitted by means of wire communication in interstate commerce, between locations in Hopkins, Minnesota and the Eastern District of Missouri, writings, signs and signals, to wit: a $2,465.59 personal purchase for a resin storage shed on Fingerhut.com, with Fingerhut's computer server located in Minnesota and using Bell Medical's company credit card while physically located in the Eastern District of Missouri

In violation of Title 18, United States Code Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 981(a) and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Count I, the defendant shall forfeit to the United States of America any property, real or personal, constituting or derived from any proceeds traceable to such violations.

2. Subject to forfeiture is a sum of money equal to the total value of any property, real or

personal, constituting or derived from any proceeds traceable to said violations, the amount of which is at least $130,000.

4.  If any of the property described above, as a result of any act or omission of the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty,

    f.  the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

JEFFREY B. JENSEN
United States Attorney


_____
DIANNA R. COLLINS
Assistant United States Attorney